Hitchcock, J.
By the before recited act, all property in the State is subjected to taxation, except such as is especially exempted by the provisions of the third section. Merchants’ and manufacturers’ stock is expressly made liable to taxation. One and perhaps the .most material question arising in this case is, whether capital employed in the buying hogs, slaughtering, cutting up, and packing the same, to be sold or transported,, comes within the meaning of merchants’ or manufacturers’ stock. In other words, whether an individual engaged in this business is a manufacturer or merchant. Now, we are not prepared to say that a person pursuing this business is a manufacturer, within the meaning of the statute. The 17th section of the before named act provides, that “ every person that shall 4 own, or have in his possession, or subject to his control, any ‘ personal property within this State, and which shall have been 4 purchased either in or out of the State, with a view to being 4 sold at an advanced price" or profit,' or which shall have been 4 consigned to him .from any place out of this State, for the *654 £ purpose of being sold at any place within this State, shall be £ held to be a merchant.”'
It seems to us that the appellant comes within, this definition. He is a purchaser of hogs, which are slaughtered and packed', with a view to be sold as pork, for the purposes of gain. There can be no doubt that the grocer, who purchases his pork by the barrel, and retails it in small parcels, at an advanced price, and for gain, must be held to be a merchant. And it would be strange that the small retailer should be taxed, and the wholesale dealer in the same article should escape. It i's true that Jackson is charged upon the duplicate as a manufacturer, when he should have been charged as a merchant; but he cannot, for this reason, escape from the payment of the tax.
It is objected on the part of the appellant, that the property was improperly listed. The assessor seems to have pursued the law. Jackson could not be found, and the assessor took the only course he could take to ascertain the amount of capital employed in this business. He ascertained, as nearly as he could, the capital employed the previous year, and formed his opinion from the facts so ascertained, and fixed the amount for the succeeding year, supposing that, as the business was to be continued, the same amount of capital would be continued in that business for the current year. This is the mode prescribed' by the law. It seems to be supposed, that as reference was had to thé past year, it is that business or capital which is’ taxed. It is not so. The tax is for the current year; and the amount of capital employed, and which is taxed, is supposed to be the same as the previous year. Had the business not been continued, there could have been no tax.
Another objection is made, that the tax is in the name of John .Jackson, and not in the name of George W. Jackson. If George W. Jackson is not taxed, why does he complain ? He is not injured. But if he is really the person who ought to pay the tax, it can do him no injury that it is in the wrong, name. If he pay it now, he cannot be compelled to pay it over again.
Appeal dismissed at Appellant’s cost.